UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JALENA MILLER, as proposed administrator of the Estate
of TARSZ YOUNGBLOOD, Deceased,

                              Plaintiff,

                  -against-

CITY OF NEW YORK, LOUIS MOLINA, CAPTAIN
BLAKE, CORRECTION OFFICER HARRIS,
CORRECTION OFFICER DEJESUS, LIONEL E.
DESROCHES, M.D., ADAM LITROFF, D.O.,
SERAPHINE MOHLIE, AGLAE NAPOLEON, AND
JOHN AND JANE DOE ##1-15,

                          Defendants.

------------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

23 Civ. 4443 (AS)

ARUN SUBRAMANIAN, U.S.D.J.

       The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing all phases of this action, it is therefore hereby:

       **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose

1

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, governmental, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

a. City employees' Employment or personnel related records;

b. Disciplinary-related records and/or records of investigations regarding the conduct of City employees conducted by the New York City Department of Correction, New York City Department of Investigation, Office of Administrative Trials and Hearings ("OATH"), and/or any other governmental agency;

c. Training materials, including, but not limited to, non-public sections of Directives, Operations Orders, Command Level Orders, and training manuals;

d. Any documents which may contain information of a non-party inmate that is confidential under state or federal law, including, but not limited to, New York Criminal Procedure Law Section 160.50, et seq.;

e. Any Personal Identifying Information including, but not limited to, names, addresses, phone numbers, to the extent exchanged during discovery described in Rule 5.2 of the Federal Rules of Civil Procedure,

Civil Procedure Law § 190.77 and Local Law 151 of 2021, to the extent exchanged during discovery;

f.   Medical or mental health records and/or information;

g.   Records restricted or prohibited from disclosure by statute, other than records obtained pursuant to executed authorizations; and

Other non-public documents or information that the producing party in good faith reasonably believes are entitled to confidential treatment under Fed. R. Civ. P. 26(c).The parties shall not designate material as Confidential absent a good-faith belief that such designation is warranted under Rule 26(c).

Information that is publicly available or becomes publicly available through lawful means shall not be deemed Confidential.

The mere fact that documents relate to DOC policies, staffing, training, or institutional practices shall not alone justify confidential designation.

3.   Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, privilege, or protection; or a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

4.   Nothing in this Confidentiality Stipulation and Protective Order shall limit the producing party's right to redact personal identifying, confidential, privileged information, or information that is otherwise protected from disclosure by law before producing any document to the receiving party. For purposes of this section, Personal Identifying Information shall include, but is not limited to, the entire social security number, taxpayer identification, minor's name, or financial account number and

3

information, credit card account information, bank account information, and date of birth; as well as the address, contact information, including telephone number and email address of City employees or individuals unrelated to this Action, government issued identification numbers including driver's license and passport numbers, passwords, NYSID, DIN; and any other information that has the tendency to reveal, alone or in conjunction with other available information, the identity of individuals unrelated to this Action or would otherwise constitute an unwarranted invasion of privacy. No party shall redact otherwise discoverable substantive information on the basis of confidentiality alone.

5.  Any documents provided by an individual or entity that is not a party to this Action, by request or pursuant to a subpoena, and that are deemed as Confidential Material by that individual or entity shall be governed by the terms of this Confidentiality Stipulation and Protective Order. Furthermore, in the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall promptly notify the producing party and provide it with a copy of the request; and shall make reasonable efforts to provide the producing party with reasonable time to object to such disclosure.  Nothing in this Stipulation and Order shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

6.  A party shall have a reasonable time to inspect and designate as Confidential Material any documents received from an individual or entity that is not a party to this Action.

7. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The producing party reserve the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order, if necessary, after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material. Accordingly, If at any time during the duration of this action, a producing person realizes that some portion(s) of Discovery Material that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. The receiving parties shall return or destroy the non-designated copy within five (5) business days. The producing party shall provide the other parties with replacement versions of such Confidential Material with the appropriate stamped confidential designation within ten (10) business days of providing such notice. Such redesignation shall not retroactively constitute a breach of this Order for any disclosure made prior to notice of redesignation.

8. With respect to the Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such material as "Confidential" by stamping or otherwise clearly marking as

"Confidential" the protected material in a manner that will not interfere with legibility or audibility; identifying the Confidential Discovery Material as "CONFIDENTIAL" in the "Designation" data field for all productions; providing any Confidential Discovery Material in a separate "Confidential" production volume, including full families of such Confidential Material. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter or by notifying the reporter and all counsel of record, in writing, within thirty (30) days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the thirty (30) day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential. Only specifically designated portions shall remain confidential after expiration of the 30-day period.

9. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

b. City attorneys assisting in the defense of this action or counsel retained specifically for this action, including paralegals and staff, stenographic and clerical employees, e-discovery vendors and contractors working under the supervision of such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action;

g. the Court and its support personnel.; and

h. Any other person whom the producing party agrees in writing may have access to such confidential discovery material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material. Any party seeking to file Confidential Material under seal shall comply with the Court's Individual Rules and applicable Second Circuit law governing sealing requests.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases. The burden of establishing confidentiality remains with the designating party.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential

8

Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. The Parties intend to enter into a separate clawback agreement and have intentionally omitted a clawback provision from this Order.

This Stipulation and Order shall survive the termination of this Action, including any and all appeals and will continue to be binding upon all persons to whom confidential discovery material is produced or disclosed, and will remain in full force and effect unless modified by an order of this Court. Within thirty (30) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all material that have been designated confidential and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the producing party or destroyed. At the conclusion of this thirty (30) day period, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Confidential Material in accordance with this Stipulation and Order. Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney work product, (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, (iv) Counsel may also retain archival copies maintained in the ordinary

course of litigation practice,  if such counsel otherwise comply with the provisions of this Stipulation and Order with respect to such retained material.

15.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_Hannah Oleynik_

Dated:  6/23/26

Dated:  6/26/26

Dated: 6/26/2026

**SO ORDERED.**

_____

ARUN SUBRAMANIAN, U.S.D.J.

Dated:         New York, New York

July 2, 2026